Mladen ZIVKOVIC, Plaintiff—
Appellant,

v.

SOUTHERN CALIFORNIA EDISON
COMPANY, Defendant—
Appellee.

No. 02–57168.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2004.

Decided July 1, 2004.

Jack K. Conway, Esq., Lillian Tomich, Esq., Jack K. Conway Law Offices, San Marino, CA, for Plaintiff–Appellant.

John F. Guest, Esq., William Davis Harn, Esq., Edison, Legal Division, Rosemead, CA, for Defendant–Appellee.

Before: TROTT, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM *

Mladen Zivkovic appeals judgment entered after a bench trial following remand from this court in *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080 (9th Cir.2002), on his claim that Southern California Edison Company (Edison) discriminated against him in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–12213. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Zivkovic argues that the district court committed legal error in concluding that Edison did not fail to engage in the interactive process or to make reasonable accommodation for his hearing loss, 42 U.S.C. §§ 12111(9) and 12112(b)(5)(A). However, the court's legal conclusions follow from its findings that Zivkovic said he read lips well, that a sign language interpreter was offered but declined for the second interview, that he never asked for an interpreter during the second interview, that he was offered the written questions to read during the first interview but did not ask to read any questions during the second session, that Edison did not refuse to repeat questions when asked, that Zivkovic did not appear to have difficulty understanding or promptly answering questions nor did he say that he could not understand the questions, and that when his response seemed short or incomplete the question was repeated. Although Zivkovic offered testimony to the contrary with respect to many of these facts, the court's findings are supported by the exhibits and testimony of Scott Fagan, Edgar Sumpter, Juan Ortega, and Rudolph Rea. The district court resolved all credibility issues in Edison's favor. Based on these findings, which are not clearly erroneous,[1] Edison fulfilled its duty to engage in the interactive process and to provide a reasonable accommodation. *Humphrey v. Mem'l Hosps. Ass'n,* 239 F.3d 1128, 1138 (9th Cir.2001); *Barnett v. U.S. Air, Inc.,* 228 F.3d 1105, 1115 (9th Cir.2000), *vacated on other grounds, U.S. Airways, Inc. v. Barnett,* 535 U.S. 391, 122 S.Ct. 1516, 152 L.Ed.2d 589 (2002); *see* 29 C.F.R. Pt. 1630, App. (§ 1630.9).

Zivkovic further contends that the district court mistakenly intertwined the issue of reasonable accommodation with the issue of pretext. We disagree that this happened. The court had to, and did, determine whether Edison discriminated against Zivkovic by not hiring him, and in that connection, found that Edison's articulated reasons were not pretextual. The court did not confuse that finding with its task of also determining whether Edison appropriately engaged in the interactive process and offered a reasonable accommodation.

Finally, Zivkovic suggests that Edison's test was improper under 42 U.S.C. § 12112(b)(6) and (b)(7). However, we decline to consider this issue as it was not pursued in the district court or preserved by argument in the opening brief.

AFFIRMED.

---

1. Our review of a district court's factual findings following a bench trial is for clear error. *Saltarelli v. Bob Baker Group Med. Trust,* 35 F.3d 382, 384 (9th Cir.1994). When factual findings rest on credibility determinations, the trial court's findings are given "even greater deference." *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

